J-S66010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HOSEA BOYD | : | |
| | : | |
| Appellant | : | No. 3230 EDA 2017 |

Appeal from the PCRA Order September 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000258-2012

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 19, 2018**

Appellant, Hosea Boyd, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On February 8, 2013, Appellant entered a negotiated guilty plea to possession with intent to distribute a controlled substance and conspiracy. The court sentenced Appellant that same day to an aggregate term of 2 to 4 years' imprisonment, plus 5 years of probation, in accordance with the plea agreement. Appellant did not file a direct appeal.

On April 22, 2014, Appellant filed a pro se PCRA petition. Appellant stated he had just learned, sometime after February 23, 2014, that Officer

Jeffrey Walker, who was part of the narcotics team that arrested Appellant, had "planted" narcotics in other cases. The PCRA court appointed counsel on September 30, 2015. Counsel filed an amended petition on October 5, 2015, which alleged Appellant did not knowingly and voluntarily enter his guilty plea because he was unaware of the investigation of Officer Walker at the time of Appellant's plea. The PCRA court did not issue notice pursuant to Pa.R.Crim.P. 907 or hold an evidentiary hearing. On September 28, 2017, the PCRA court denied relief. Appellant timely filed a notice of appeal on October 3, 2017, and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 8, 2017.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT ERR IN FAILING TO GRANT PCRA RELIEF WITHOUT PERMITTING DISCOVERY AND WITHOUT HOLDING AN EVIDENTIARY HEARING?

(Appellant's Brief at 7).

Preliminarily, the issuance of Rule 907 notice is mandatory if the PCRA court does not hold an evidentiary hearing. *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super. 2000). Nevertheless, the failure to challenge on appeal the absence of Rule 907 notice constitutes waiver. *Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013). Here, Appellant did not challenge on appeal the lack of Rule 907 notice, so any related concern is waived. *See id.*

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination

and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sean F. Kennedy, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** PCRA Court Opinion, filed April 11, 2018, at 4-22) (finding: Appellant pled and proved he met after-discovered facts exception to PCRA time-bar, where Appellant, as *pro se* imprisoned petitioner, was entitled to benefit of ***Commonwealth v. Burton***, 638 Pa. 687, 158 A.3d 618 (2017), and he filed his *pro se* PCRA petition within 60 days of Officer Walker's guilty plea; nevertheless, evidence Appellant sought in PCRA discovery request was

not exculpatory; further, Commonwealth was not required to disclose potential impeachment evidence before negotiating plea agreement with Appellant; Appellant waived right to review Commonwealth's evidence against him by entering guilty plea; Appellant did not demonstrate Commonwealth suppressed evidence of Officer Walker's arrest; moreover, Appellant made no specific assertions of wrongdoing by Officer Walker in Appellant's own case; Officer Walker's arrest would have qualified only as impeachment evidence, which does not warrant "after-discovered evidence" relief under PCRA; Appellant failed to assert any genuine issue of material fact regarding his ineffective assistance of counsel and after-discovered evidence claims, therefore, PCRA court properly dismissed Appellant's PCRA petition without evidentiary hearing).  The record supports the PCRA court's decision. Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18

FILED

2018 APR 11 PM 3: 04

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :

  :   **CP-51-CR-258-2012**

vs.



CP-51-CR-0000258-2012 Comm. v. Boyd, Hosea
Opinion

8094386041

HOSEA BOYD

## OPINION

KENNEDY, SEAN F., J.           April 11, 2018

Hosea Boyd ("the Appellant") appeals from a judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea for Possession with Intent to Deliver (35 Pa.C.S. § 780-113(a)(30)) and Conspiracy to Possess with Intent to Deliver (18 Pa.C.S. § 903(c)). The relevant facts and procedural history follow.

## FACTS

On September 9, 2011, after three previous days of surveillance, officers from the Narcotics Field Unit of the Philadelphia Police Department returned to a home located at 622 South 52nd Street in the City and County of Philadelphia. N.T. 2/8/2013 at 14. Officers met with a confidential informant who was provided with $20 of pre-recorded buy money and directed to 622 South 52nd Street. *Id* at 15. On September 9, 2011, at approximately 2:00 p.m., Officer Simmons observed the confidential informant approach 622 South 52nd Street and encounter a female seated in a chair at the front of the garage; the woman was later identified as Lori L.S. *Id* at 15. The confidential informant and Lori went into the garage for several minutes until they

reemerged. *Id.* The confidential informant returned to back-up officers and turned over two clear Ziploc packets each containing a chunky, off-white substance believed to be cocaine base. *Id.*

Upon exiting the garage, Lori had a brief conversation with the Appellant. N.T. 2/8/2013 at 15. Lori and the Appellant then entered the garage. *Id.* The purchased items handed over to the officers did test positive for cocaine. *Id.* Officers continued their investigation, and at approximately 2:05 p.m., officers executed Warrant Number 159108 for the property at 622 South 52nd Street that had previously been applied for. *Id.* Officers arrested Lori L.S. who was seated inside and confiscated $107 in United States currency, including the $20 of pre-recorded buy money, a cellular phone, a green smock, and a probation appointment card. *Id* at 16.

As officers approached 622 South 52nd Street, Officer Williams observed the Appellant discard one small, white bottle into a white 1999 Mercury Grand Marquis bearing Pennsylvania tags. N.T. 2/8/2013 at 16. Officer Williams detained the Appellant and retrieved the bottle. The bottle discarded by the Appellant was found to contain 13 clear Ziploc packets each containing a chunky, off-white substance believed to be cocaine base. Officer Williams also confiscated $419 in United States currency from the Appellant and a set of car keys found to operate the white 1999 Mercury Grand Marquis. *Id* at 16-17. Further investigation revealed the car belonged to the Appellant. An inventory search of the Appellant's Grand Marquis was conducted, during which time Officer Simmons observed a small jar containing a green, leafy, seedy substance believed to be marijuana in the rear passenger seat. *Id* at 17. Fearing destruction of evidence, Officer Simmons halted his search of the vehicle, had the vehicle secured and transported to Narcotics Headquarters pending the application of a search and seizure warrant. *Id.*

On September 9, 2011, at approximately 9:45 p.m., a search and seizure warrant was executed upon the white 1999 Mercury Grand Marquis belonging to the Appellant. N.T.

2

2/8/2013 at 17. During this search, officers confiscated one purple cube containing a green weed substance believed to be marijuana, one purple and gold bag containing four clear Ziploc packets which each contained 12 smaller clear Ziploc packets. *Id* at 17-18. There were 48 total of these packets. *Id* at 18. Officers also recovered three new, clear plastic bags and one registration card in the name of the Appellant, Hosea Boyd. *Id.* The weight of the 48 packets was 5.351 grams. All narcotics that were recovered did test positive for cocaine and marijuana. *Id.*

## PROCEDURAL HISTORY

On September 9, 2011, Hosea Boyd was arrested and charged with Criminal Conspiracy and Possession with Intent to Deliver in the City and County of Philadelphia. In January 2012, the charges were held over for court. On February 8, 2013, Appellant entered into a negotiated guilty plea for the charges of Possession with Intent to Deliver and Criminal Conspiracy. On that same date, Appellant was sentenced and received a concurrent sentence of 2 – 4 years' confinement followed by a consecutive sentence of 5 years' probation. The Appellant did not file a direct appeal. On April 22, 2014, Appellant filed his first petition for relief under the Post-Conviction Relief Act. On October 5, 2015, the Appellant filed an Amended PCRA petition for relief under the assistance of counsel. On March 30, 2016, the Commonwealth filed a Motion to Dismiss the PCRA petition. On September 28, 2017, the Appellant's PCRA petition was denied by the court. On October 3, 2017, a Notice of Appeal was filed to the Superior Court of Pennsylvania. On December 8, 2017, the Appellant filed a 1925(b) Statement of Matters Complained on Appeal.

3

## MATTERS COMPLAINED ON APPEAL

The Appellant's 1925(b) asserts:

1. The Court erred in failing to grant PCRA relief for the following reasons:
   a. At the time of his plea, the Appellant was not aware that Jeffrey Walker, who was part of the narcotics unit that arrested the Appellant, was under investigation at the time for corruption, including planting cocaine on drug defendants. He was arrested about a month after the Appellant's plea and has since pled guilty and been sentenced.
   b. Appellant was denied his rights to due process and effective assistance of counsel, under the laws and Constitutions of the United States and Pennsylvania, as he would not have pled guilty if he had known about the criminal activity of Officer Walker. As such, his plea was not knowing and voluntary.
   c. The District Attorney had a duty to turn over evidence of their investigation of Officer Walker's criminal activity to the defense.
   d. If Appellant's attorney knew of the investigation, he would have been ineffective for failing to inform the Appellant and failing to specifically request discovery on the issue.

2. The Court erred in failing to grant an evidentiary hearing to determine the officer's credibility as a witness, counsel's knowledge of the investigation at the time of the plea, review the information that the prosecutor had relating to Officer Walker and how it would have helped the Appellant's trial, how it would have affected his decision to plea and the date when the Appellant learned of Officer Walker's criminal activity.

3. The Court erred in failing to grant discovery into the investigation by the prosecutor into Officer Walker' and to turn over to the defense all documents related to said investigation.

4. Discovery was justified as the documents and other information which relate to the arrest of Officer Walker are likely to contain information which, if available to the defense at the time of trial might have changed the outcome and therefore would have also affected his decision to plead.

## DISCUSSION

Hosea Boyd has petitioned for relief under the Post-Conviction Relief Act. In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free from legal error. *Commonwealth v. Jonhson*, 966 A.2d 523, 532 (Pa. 2009). The

4

appellate courts pay great deference to the findings of the PCRA court, "but its legal determinations are subject to plenary review." *Id.* Also, the scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Furthermore, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more errors enumerated in section 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2). For reasons that follow, the Appellant's claims fail to demonstrate that any alleged constitutional violations undermined the truth-determining process. Further, the record supports the determination of the PCRA court that Appellant received effective assistance of counsel and was not entitled to an evidentiary hearing. Therefore, the PCRA court properly dismissed Appellant's petition for relief under the PCRA.

## I. Ineffective Assistance of Counsel Claim – The trial court properly found Appellant received effective assistance of counsel.

Appellant first asserts that if his trial counsel was aware of the investigation into Officer Walker then counsel would have been constitutionally ineffective for failing to inform the Appellant and failing to request discovery on the issue. Appellant posits that due to the ineffective assistance of counsel, his plea was not made voluntarily or knowingly.

To succeed on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In Pennsylvania, our Supreme Court has applied the *Strickland* test by looking to three elements. The petitioner must establish that: (1) the underlying claim has arguable merit;

5

(2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such an error. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987); *Strickland v. Washington*, 466 U.S. 668 (1984) (explaining that, to establish an ineffective assistance claim, a defendant must show that counsel's performance was deficient and that such deficiencies prejudiced the defense). *See also Commonwealth v. Williams*, 936 A.2d 12, 19 (Pa. 2007) ("It is     settled that the test for counsel ineffectiveness is the same under both the Pennsylvania and Federal Constitutions: it is the performance and prejudice test set forth in *Strickland v. Washington* . . ."). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012). Finally, both the United States Supreme Court and the Pennsylvania Supreme Court have made clear that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Pierce* test, the court may proceed to that element first. *Id* at 1117-18. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006).

The Appellant asserts the failure to request discovery by plea counsel was patently ineffective. However, courts do not presume prejudice from the absence of discovery. *Commonwealth v. Manhart*, 503 A.2d 986, 990 (Pa. Super. 1986) (defendant must show prejudice arising from counsel's failure to request discovery). To demonstrate prejudice due to ineffective assistance of counsel, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Commonwealth v. King*, 57 A.3d 607 (Pa. 2012). Appellant has failed to demonstrate a

6

reasonable probability that the outcome of the proceedings would have concluded with a different result.

Additionally, the Pennsylvania appellate courts have held that the right of a criminal defendant to effective assistance of counsel:

> ... [E]xtends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made. Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

*Commonwealth v. Timchak*, 69 A.3d 765, 769-70 (Pa. Super. 2013). Therefore, allegations of ineffectiveness "in connection with the entry of a guilty plea will serve as a basis for relief only if the infectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Where the defendant enters his plea on the advice of counsel, the "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Presently, Appellant's claim for ineffective assistance of counsel rests on the premise that if plea counsel had known of the criminal investigation of Officer Walker, then he was ineffective for not informing the Appellant or requesting discovery on the issue, and therefore induced an involuntary plea.

In assessing the voluntariness of a guilty plea, the law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty; all that is required is that

7

appellant's decision to plead guilty be knowingly, voluntarily, and intelligently made. *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996). A person who elects to plea guilty is "bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Additionally, regarding pre-plea discovery, the prosecution is not required to disclose potential impeachment evidence prior to entering into a plea agreement with a defendant. *United States v. Ruiz*, 536 U.S. 622 (2002).

The Appellant questions the voluntariness of his guilty plea. Specifically, Appellant asserts that because he was denied effective assistance of counsel and if he had known about Officer Walker's criminal activity, then he would not have pled guilty. However, examination of the record indicated that he understood the consequences of his plea. The Pennsylvania Supreme Court ruled in *Starr* that a trial court should only allow the withdrawal of a guilty plea after sentencing to correct a manifest injustice to the defendant. *See Commonwealth v. Starr*, 301 A.2d 592 (Pa. 1973). The question that arises is whether a defendant has met the requirements of *Starr* in assessing whether the after-discovered evidence would have entitled him to a second trial if he had gone to trial originally instead of pleading guilty. Here, there was no manifest injustice and the after-discovered would not have entitled Appellant to a second trial had he gone to trial originally instead of pleading guilty.

Instantly, the Appellant entered a guilty plea that is a hallmark for knowing and voluntary pleas. As is standard practice within the Court of Common Pleas of Philadelphia County, the Appellant first read and signed a written guilty plea colloquy that explains Appellant's rights at trial, the right to a jury trial or by judge, his pre-trial rights, satisfaction with his counsel, and his

8

appellate rights. Further, a full guilty plea colloquy was conducted on the record with the

Appellant. The trial court reproduces the relevant portions of the colloquy below:

> The Court: And for the record, you read the guilty plea colloquy to him?
> Defense Counsel: In detail and plainly. As I said, he has no problem comprehending.
>
> . . .
>
> The Court: And this is the document that counsel went over with you in detail.
> Appellant: Yes.
> The Court: Did he explain it to you?
> Appellant: Yes.
> The Court: And did you understand what he explained?
> Appellant: Yes.
> The Court: Is that your signature?
> Appellant: Yes.
> The Court: Did you freely and voluntarily sign the document?
> Appellant: Yes, I did.
> The Court: According to the document that you read, signed, and discussed with counsel you've agreed to plead guilty to the crimes of possession with intent to deliver, conspiracy, which carries a maximum jail time of 20 years, and fines of up to $25,000. Do you understand that?
> Appellant: Yes.
> The Court: Do you understand, Mr. Boyd, that you're not required to plead guilty before me today and you have an absolute right to a judge or jury trial?
> Appellant: Yes.
> The Court: If you chose to go with a jury trial you have the ability, with the assistance of your attorney, to choose members from your community to serve as jurors on your case. At the conclusion of your case those jurors would have to render a verdict of guilty or not guilty, but your verdict has to be unanimous, which means all 12 jurors would have to agree on the verdict. Do you understand that?
> Appellant: Yes.
> The Court: Do you understand that by pleading guilty today you're giving up your right to a judge or jury trial?
> Appellant: Yes.
> The Court: Do you understand that you are presumed innocent and the District Attorney would have to prove beyond a reasonable doubt if you went to trial?
> Appellant: Yes.
> The Court: Do you understand that by pleading guilty you're giving up your right to see, hear, or challenge any evidence the District Attorney has against you?
> Appellant: Yes.
>
> . . .
>
> The Court: When I tell you at the end of our conversation that I've accepted your plea it means that I've made a judicial finding that your plea is proper, which means that it is very unlikely that your plea will ever be reversed. So as a practical

matter, what I am telling you is once you plead guilty that is the end of your case. All we have to do is for me to sentence you and you to serve the sentence. Do you understand?

Appellant: Yes.

The Court: So, Mr. Boyd, as you sit before this Court today, this is your last opportunity to tell the Court that you did not commit the crime that you are accused of. Do you understand that?

Appellant: Yes.

. . .

The Court: Mr. Boyd, did anybody force or threaten you to plead guilty?

Appellant: No.

The Court: Did anybody make any promises to you in exchange for pleading guilty?

Appellant: No.

The Court: Are you satisfied with the advice of your attorney?

Appellant: Yes.

The Court: Do you [have] any questions at this time for your attorney, the District Attorney, or the Court?

Appellant: No.

The Court: Do you understand that by pleading guilty today you're giving up your right to defend your case?

Appellant: Yes.

The Court: I'm satisfied the defendant's decision to plead guilty is knowing, intelligent, and voluntary and I will accept it.

N.T. 2/8/2013 at 7-13. Additionally, defense counsel made Appellant aware that a motion to suppress evidence could have been litigated under *Commonwealth v. McCrae*; however, Appellant was informed that this would have been the primary defense in his case and was unlikely to succeed. *Id* at 14. This statement on the record by plea counsel further demonstrates that the outcome of the proceedings would likely have been the same. Given that the primary defense strategy would have likely failed, plea counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

During his plea colloquy, after being informed of the charges against him, and the facts as alleged by the Commonwealth to support the charges, Appellant affirmatively indicated that he was guilty of the charges. N.T. 2/8/2013 at 18-19. Appellant denied he was forced to plead

10

guilty and he was satisfied with plea counsel. *Id* at 12. Additionally, Appellant completed the written guilty plea colloquy in which he affirmatively acknowledged that he was waiving his right to present any possible trial defenses and he had adequate time to consult with his attorney. *Id* at 5-8.

The guilty plea was made knowingly and voluntarily; therefore, the assertion of ineffective assistance of counsel by plea counsel must fail. First, the prosecution was not required to disclose any impeachment evidence prior to the guilty plea. *United States v. Ruiz*, 536 U.S. 622 (2002). Secondly, the Appellant acknowledged during his plea colloquy that by pleading guilty, he gave up the right to "see, hear, or challenge any evidence the District Attorney ha[d]" against Appellant. N.T. 2/8/2013 at 9. Thirdly, the Appellant's argument that plea counsel was ineffective for failing to inform the Appellant of the investigation and failure to request discovery on the issue hinges exclusively upon "[i]f Appellant's attorney knew of the investigation." Def. 1925(b). The Appellant fails to make any offer of proof beyond mere conjecture that counsel could have known about Officer Walker's criminal investigation. Appellant makes no argument specific to how the information related to Officer Walker's criminal investigation, if known by defense counsel, the result would have been different. Since this claim is not explained, developed, or supported by the record factually or legally, Appellant is not entitled to relief with respect to it. *See Commonwealth v. Spotz*, 47 A.3d 63, 108 n.34 (Pa. 2012). Therefore, given that Appellant has failed to present a claim with any arguable merit, and fails to demonstrate the result of the proceedings would have been different but for counsel's conduct, the trial court properly found Appellant's guilty plea to be knowing and voluntary and Appellant's claim to be without merit.

**II.  After Discovered Facts Claim – The trial court properly found that the arrest of Officer Jeffrey Walker after Appellant's guilty plea did not warrant relief.**

Hosea Boyd appears to challenge the decision of the PCRA court on three different fronts in matters relating to discovery: (1) that the District Attorney had a duty to turn over evidence of that office's investigation into the activity of Officer Walker; (2) the PCRA erred in its failure to grant an evidentiary hearing; and (3) the PCRA court erred in its failure to grant discovery. For reasons that follow, each of these claims is without merit.

The PCRA court will briefly visit the requirements of relief sought under an otherwise time-barred petition. The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date of judgment is final unless the petition alleges and the petitioner proves one of the following three exceptions to the time limitations set forth in Section 9545(b)(1) of the statute:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-52; *see* 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence became final on March 8, 2013, when the 30-day period for filing a direct appeal expired. *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008). Thus, generally, Appellant would have had to file a PCRA petition by March 8, 2014. This petition, filed April 22, 2014, was therefore patently untimely unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's jurisdictional time-bar within "60 days of the date the claim could have been presented." *Hernandez*, 79 A.3d at 651-62; *see* 42 Pa.C.S.A. § 9545(b)(2).

Appellant relies on the second of the three exceptions – that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii) (the "after discovered facts" exception). To satisfy this exception, the petitioner must allege and prove that: (1) the "facts upon which the claim was predicated were unknown," and (2) those facts "could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). Ordinarily, the arrest of a person is deemed a "public record" and extinguishes claims that facts were previously "unknown," in application to time limitations under § 9545. However, our Supreme Court has recently held that the:

> presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(i)(ii) does not apply to *pro se* prisoner petitioners . . . the application of the public record presumption to *pro se* prisoners is contrary to the plain language of 9545(b)(1)(ii) and was imposed without any apparent consideration of a *pro se* prisoner's actual access to information of public record.

*Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). On May 21, 2013, Officer Jeffrey Walker was arrested on charges of robbery and theft. *See United States v. Liciardello*, No. 2:14-cr-00412-ER (E.D. Pa.). Officer Walker pleaded guilty on February 24, 2014. *See U.S. v. Walker*, No. 2:13-cr-331-ER-1 (E.D. Pa. filed June 20, 2013). The first *pro se* PCRA petition

13

was filed on April 22, 2014 and the amended petition was filed October 5, 2015. The counseled amended PCRA petition relied on: (1) Officer Walker's May 21, 2013 arrest, and (2) his subsequent guilty plea on February 24, 2014. As to Officer Walker's arrest in 2013, the petition was clearly not filed within 60 days as required 42 Pa.C.S.A. § 9545(b)(2). Although the petition was filed within 60 days of Officer Walker's February 24, 2014 guilty plea, the plea itself does not present any new facts applicable to the case, but was simply a new source of information about Officer Walker's illegal actions, which were a matter of public knowledge. However, the merits of the claim need not be assessed to determine qualification as an exception to the time limitations under subsection 9545(b)(1)(ii). Given the Appellant was imprisoned and filed his first *pro se* petition under the PCRA within 60 days of Officer Walker's guilty plea, the PCRA court accepts the petition as meeting the "after discovered facts" exception to the time limitations of the PCRA.

### a. Failure to Grant Discovery

Having met the necessary threshold to successfully qualify for an exception to the time limitations of the Post-Conviction Relief Act, the PCRA court first turns to the question of whether the PCRA court erred in failing to grant discovery into the investigation by the prosecutor of Officer Walker and the alleged obligation to turn over to the defense all documents related to said investigation. No discovery "shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(e)(1). Neither the Post-Conviction Relief Act nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012). The Pennsylvania Superior Court, however, has held that the "trial court, in its discretion" determines whether a case is exceptional and warrants discovery. *Id.* Therefore,

14

the appellate courts "will not disturb a court's determination regarding the existence of exceptional circumstances unless the court has abused its discretion." *Id.*

There is nothing in the record to suggest the decision by the PCRA court in denying leave for discovery was the result of bias, ill-will, partiality, prejudice, manifest unreasonableness, or misapplication of the law. The PCRA court cannot conclude that any evidence alleged to exist would be exculpatory. Exculpatory evidence is that which tend to establish a criminal defendant's innocence. The evidence sought under the after-discovered facts exception pleaded by the Appellant suggests such evidence would be used only for impeachment purposes. There is support in the record during Appellant's guilty plea colloquy that the basis for his guilty plea surrounds evidence collected by two Philadelphia police officers who remain unscathed from accusations of misconduct. N.T. 2/8/2013 at 14-18. The PCRA court did not believe any further discovery was prudent given that Appellant's guilty plea: (1) was drawn from facts not related to Officer Walker; (2) was made knowingly and voluntarily; (3) there was no reasonable probability result of the proceeding would have been different; (4) there was no specific allegations of misconduct by Officer Walker; and (5) Appellant had effective assistance of counsel in making the decision to plead guilty. Therefore, the PCRA court did not abuse its discretion in finding no exceptional circumstances present sufficient to grant leave for discovery.

### b. Alleged Discovery Violations

The Appellant next incorrectly argues the trial court erred in finding that the Commonwealth potentially withheld exculpatory evidence in violation of his Fourteenth Amendment right to due process as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its Pennsylvania progeny. The Appellant further asserts that without such evidence the defense would be without the ability to fully cross-examine Commonwealth witnesses, present possibly

15

exculpatory evidence, and defend himself at trial. Under *Brady*, the failure by the Commonwealth to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights. "[T]o establish a *Brady* violation, a defendant is required to demonstrate that exculpatory evidence or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." *Commonwealth v. Gibson*, 951 A.2d 1110, 1126 (Pa. 2008). The burden of proof is on the defendant to demonstrate that the Commonwealth withheld or suppressed evidence. *See Commonwealth v. Porter*, 728 A.2d 890, 898 (Pa. 1999).

To satisfy the prejudice inquiry, the evidence suppressed must have been material to guilt or punishment. *See Gibson*, 951 A.2d at 1126-27. The United States Supreme Court has held that materiality extends to evidence affecting the credibility of witnesses, rather than merely to purely exculpatory evidence. *See Giglio v. United States*, 405 U.S. 150, 154 (1972). The Pennsylvania Supreme Court has gone further and held the protections of *Brady* extend to the defendant's ability to investigate alternative defense theories and to formulate trial strategy. *Commonwealth v. Green*, 640 A.2d 1242, 1245 (Pa. 1994). Favorable evidence is "material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995).

As to *Brady* claims advanced under the PCRA, a defendant must demonstrate that the alleged *Brady* violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See Commonwealth v. Copenhefer*, 719 A.2d 242, 2⁴⁹ (Pa. 1998). The United States Supreme Court has held that the "mere possibility that an item of undisclosed information might have helped the defense, or might have

16

affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."
*United States v. Agurs*, 427 U.S. 97, 109-110 (1976).

However, in the instant case, Appellant elected not to bring his case to trial. Rather, Appellant entered a guilty plea to two charges. The prosecution is not required to disclose potential impeachment evidence prior to entering into a plea agreement with a defendant. *United States v. Ruiz*, 536 U.S. 622 (2002). The trial court does not believe that any information withheld by the prosecution was subject to disclosure under *Brady*. Even though the prosecutor was not obligated to share this information prior to his guilty plea, the information related to Officer Walker's arrest does not rise to the threshold that the withholding of information so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Further, there is no evidence that Appellant was prejudiced by any failure of the prosecution to disclose the investigation into Officer Walker. The Appellant waived his right to review the District Attorney's evidence against him through his guilty plea. Additionally, Appellant has failed to demonstrate that the evidence of Officer Walker's arrest was suppressed by the Commonwealth. The facts to which Appellant pled guilty were drawn from evidence collected by Officers Williams and Simons. The facts drawn from these two officers support the conclusion that the truth-determining process was reliable and that Appellant was not prejudiced.

c. **Evidentiary Hearing or Relief**

The PCRA court last turns to the issue of whether an evidentiary hearing or any relief is due. Specifically, the Petitioner asserts that the PCRA court erred in failing to grant an evidentiary hearing to determine the officer's credibility as a witness, counsel's knowledge of the investigation at the time of the plea, review the information that the prosecutor had relating to

17

Officer Walker and how it would have helped the Appellant's trial, how it would have affected his decision to plea and the date when the Appellant learned of Officer Walker's criminal activity. The Appellant has sought an evidentiary hearing on the matter, or in the alternative a new trial. Appellant has failed to demonstrate he is entitled to any form of relief under the PCRA.

The Pennsylvania Rules of Criminal Procedure provide that a petition for relief under the Post-Conviction Relief Act may be dismissed without a hearing. Specifically, Rule 907 of the Rules of Criminal Procedure state in relevant part:

**Rule 907. Disposition Without Hearing**

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

(2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

Pa.R.Crim.P. 907. Appellant states that this Court should have held an evidentiary hearing before dismissing Appellant's PCRA petition. This claim is without merit. With respect to ineffective assistance of counsel claims, an evidentiary hearing is not required if it is clear that "the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's motions or inactions; or appellant was not prejudiced by the

18

alleged error by counsel, then an evidentiary hearing is unnecessary." *Commonwealth v. Clemmons*, 479 A.2d 955, 957 (Pa. 1984). Accordingly, the court can deny a petition without a hearing if it determines the claims raised are without merit and would not entitle the appellant to post-conviction collateral relief. *Commonwealth v. Granberry*, 644 A.2d 204 (Pa.Super.1994); Pa. R.Crim. P. 907.

The Appellant sought review under the after-discovered facts exception to the PCRA under § 9545(b)(2). To warrant relief, after-discovered facts must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by due diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. *Commonwealth v. Dennis*, 715 A.2d 404 (Pa. 1998).

Here, Appellant's assertion that Officer Walker's arrest and guilty plea call into question the validity of his own guilty plea does not satisfy the third prong of the after-discovered facts test. A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely "to impeach a witness's credibility." *See Commonwealth v. Alphonso Griffin*, 137 A.3d 605, 610 (Pa. Super. 2016). The arrest and conviction of Officer Walker had no discernable impact on Appellant's own present case. *See Commonwealth v. Foreman*, 55 A.3d 532 (Pa. Super. 2012) (filing of criminal charges against detective in an unrelated matter does not meet the after-discovered evidence test since such evidence would be used solely to impeach the credibility of the detective). In Appellant's case, the after-discovered evidence of Officer Walker's criminal investigation would only be used to impeach the witness's credibility. This causes Appellant's after-discovered facts claim to fail the third – or materiality – prong of the four-prong test to warrant relief under the after-discovered exception. Additionally, the

19

present after-discovered facts fail to qualify as having such a nature and character that a different outcome is likely. There was sufficient evidence outside any connection to Officer Walker that would have supported a knowing and voluntary guilty plea. Thus, Appellant's claim also fails the fourth required prong of the test.

Instantly, there was no testimony or evidence proffered by Officer Walker in Appellant's case. The charges filed against Officer Walker may cause a reasonable jury to question any evidence offered by Walker; however, without any evidence connected to Walker – since there was none – the Commonwealth would still have likely prevailed. Appellant has not pled, nor demonstrated, how Walker's convictions, let alone his remote connection to Appellant's case, would lead to a different result. Most importantly, the Appellant has failed to make any specific assertions of wrongdoing by Officer Walker in his case. The case of Officer Walker does not entitle Appellant to a fishing expedition for discovery or collateral relief merely because the officer had a tangential connection to the arrest. The PCRA court does not believe, without further supporting details, that the sheer invocation of the words "Officer Walker" entitle Appellant, or any defendant, to be held to a lesser standard.

Here, the case against the Appellant surrounded evidence collected by Officer Williams and not Officer Walker. The case was built upon observation of the Appellant by Officer Williams discarding a bottle containing 13 clear Ziploc packets containing an off-white chunky substance believed to be cocaine into a 1999 white Mercury Marquis registered to the Appellant. N.T. 2/8/2013 at 16. Officer Williams detained the Appellant and retrieved the bottle from the vehicle; at this time, Officer Williams also recovered from the Appellant $419 in United States currency, and a set of keys that operated the 1999 Mercury Marquis registered in his name. *Id* 16-17. Officer Simmons began a further investigation of the vehicle and halted his search upon

20

observing a small jar containing a leafy substance believed to be marijuana in the rear passenger seat. *Id.* The vehicle was secured and transported to Narcotics Headquarters at which point a search warrant was secured. Upon execution of the search warrant upon the 1999 Mercury Marquis registered to the Appellant, officers recovered one purple cube containing marijuana, one purple and gold bag that contained four clear Ziploc bags which each held 12 smaller Ziploc bags – for a total of 48 packets – of marijuana that weighed 5.351 grams. *Id* at 17-18. Remembering that a defendant is "bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy," *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003), the Appellant pled guilty to evidence recovered from Officers Williams and Simmons.

Without any direct claim that Officer Walker somehow manipulated evidence within Appellant's case, any information related to Officer Walker's investigation would be used solely for impeachment purposes. There would have been no discernable impact upon Appellant's case because there were two other controlled buys involving officers untainted by any allegations of misconduct and Walker was not in the immediate vicinity during the Appellant's arrest to suggest any untoward conduct may have transpired at Walker's behest. *See Foreman*, 55 A.3d 532. The PCRA court had the benefit of petitions from the Appellant, a response by the Commonwealth, and its own thorough independent review of the record. Appellant has failed to assert any genuine issue of material fact as it relates to the ineffective assistance of counsel or the after-discovered evidence of Officer Walker's arrest and conviction. Therefore, the Appellant was not entitled to an evidentiary hearing and the PCRA properly dismissed Appellant's petition without hearing.

21

## CONCLUSION

The PCRA court properly found that Appellant received effective assistance of counsel during his plea negotiations and guilty plea. The Appellant was counseled and was advised of potential defenses. Appellant subsequently entered a knowing and voluntary guilty plea after being advised in writing and on the record the impact of a guilty plea. Further, the PCRA court properly found that Appellant was not entitled to an evidentiary hearing because he failed to raise any genuine issues of material fact in his petition for relief. The record supports the determination of the PCRA court. Therefore, the PCRA court asks that the decision of the court be affirmed on appeal.

BY THE COURT:

_____

SEAN F. KENNEDY, J.

22